UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

HARRIS N.A.,
Successor by Merger to
COMMUNITY BANK GROUP,
Successor by Merger to
LINCOLN STATE BANK,

        Plaintiff,

v.                                    Case No. 09-C-0944

OPENMED TECHNOLOGIES CORP.,
ALBERT T. KELLEY,
eHEALTH ENGINES, INC.,

        Defendants.

## DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO REMAND

Plaintiff, Harris N.A., a national banking association with its main offices in Illinois, brought suit against defendants, OpenMed Technologies Corporation, a Delaware corporation, Albert T. Kelley, a citizen of Florida, eHealth Engines, Inc., a Massachusetts corporation and Royal Bank America Leasing, a Pennsylvania corporation, in Milwaukee County Circuit Court asserting that OpenMed breached a promissory note and security agreement and that Kelley breached his personal guaranty of the promissory note and security agreement. On September 30, 2009, OpenMed and Kelley[1] removed the action to this court pursuant to 28 U.S.C. §§ 1332, 1348, 1441, 1446, 1448. On October 13, 2009, Harris timely filed a motion to remand, which is now before the court.

Title 28 U.S.C. § 1441 allows defendants to remove any civil action commenced in state court to the district court sitting in the district and division in which the

---

[1] Defendants eHealth Engines, Inc. and Royal Bank America Leasing were never served with the Summons and Complaint, thus never filed responsive pleadings in state court or to any filing in district court. Plaintiff voluntarily dismissed its complaint against Royal Bank America Leasing on February 19, 2010. *See* Docket Entry #18.

action is pending. 28 U.S.C. § 1441(a). Defendants assert that this case is properly removed because the parties are completely diverse and the amount in controversy exceeds the jurisdictional amount. Title 28 U.S.C. § 1446(b) requires defendants to file the notice of removal within thirty days after receipt, through service or other means, of the complaint or the summons if the complaint is not required to be served upon the defendant.

The notice of removal states that Kelley was served on September 14, 2009, and service was attempted on OpenMed on an unknown date prior to September 14, 2009, but less than thirty days before the filing of the notice of removal. Therefore, it appears that the September 30, 2009, filing of the notice of removal is timely.[2] Defendants Kelley and OpenMed argue that it was unnecessary to obtain the consent of eHealth Engines, Inc., and Royal Bank America Leasing because they are nominal defendants who were never served.[3]

Having concluded that this case was removed properly, the court turns to the motion to remand. There are two pertinent issues for consideration. The first is whether the forum selection clause contained in the promissory note requires the court to remand this case to state court. The second is whether the defendants waived their right to remove the case to federal court.

Plaintiff argues that the forum selection clause is valid, enforceable and mandatory, not permissive. Furthermore, plaintiff asserts that defendants clearly and

---

[2] Even if OpenMed was served on August 31, 2009, the day the state court case was filed, defendants have filed the notice of removal within the thirty day period, albeit on the thirtieth day. Moreover, plaintiff never argues that the case was not removed in a timely manner.

[3] Plaintiff does not contend that the unanimity requirement was not satisfied. Furthermore, following the February 19, 2010, hearing, the court finds that neither additional defendant needed to consent to the removal as they are indeed nominal defendants, and in fact, Royal Bank America Leasing is no longer a named defendant.

unequivocally waived any right to remove this case to federal court. Lastly, plaintiff contends that it is entitled to an award of attorneys' fees and costs in litigating the removal and remand issues because the defendant's lacked a reasonable basis for removal.

Defendants assert that although the forum selection clause in the promissory note is reasonable it is also permissive and places no restrictions on defendants' ability to remove the case to federal court based on diversity grounds. The defendants further argue that they never waived their right to remove. Finally, defendants contend that this court should not award plaintiff its attorney's fees and costs in litigating this removal because the forum selection clause was reasonably open to interpretation.

The threshold question in determining whether the forum selection clause requires this court to remand this case to state court is whether the clause is enforceable in the first place. A valid forum selection clause should be enforced unless enforcement would be unjust or unreasonable. *Bremen v. Zapata Off-Shore Co.,* 407 U.S. 1, 13 (1972); *Paper Express, Ltd. V. Pfankuch Maschinen GmbH*, 972 F.2d 753, 757 (7th Cir. 1992).

The clause at issue in this case reads:

To the extent not prohibited by law, Borrower consents that venue for any legal proceedings related to collection of this Note or Credit Agreement shall be, at Lender's option, the county in which Lender has its principal office in this state, the county in which any Borrower resides, the county in which the real property is located or the county in which this Note or Credit Agreement was executed and Borrower submits to the jurisdiction of any such court.

Notably, in their brief, defendants state that they "are not challenging the reasonableness of the forum selection clause and whether it would be unconscionable to enforce the clause." Def.'s Br. in Resp. to Pl.'s Mot. to Remand at 3. This acknowledgment comports

with the court's conclusion that nothing about the enforcement of the provision would be unjust or unreasonable as discussed below.

Enforcement of the instant forum selection clause is consistent with case law. For example, "[t]he Seventh Circuit has held, 'where venue is specified with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified, the clause will generally not be enforced unless there is some further language indicating the parties' intent to make venue exclusive.'" *Continental Casualty Co. v. Lasalle Re Ltd.*, 500 F.Supp.2d 991, 994 (N.D. Ill. Aug. 7, 2007) (quoting *Muzumdar v. Wellness Int'l Network, Ltd.*, 438 F.3d 759, 762 (7th Cir. 2006); *see also Paper Express*, 972 F.2d at 757. Here, the forum selection clause includes language similar to the mandatory language found in *Muzumdar*: venue for any legal proceedings related to collection of this Note or Credit Agreement *shall be*, at Lenders option . . . (emphasis added). *Muzumdar*, 438 F.3d at 762 (affirming the district court's enforcement of the forum selection clause containing "shall be proper only" and "shall be proper" language).

The language of the forum selection clause gives the Lender the exclusive right to choose the *county* in which to bring any legal proceedings. Plaintiff bargained for this right and in doing so chose not to identify a particular court within the selected county that would hear the case. Consequently, the plaintiff's decision to file this lawsuit in Milwaukee County required the defendant to accept Milwaukee County as the venue for this action. On the other hand, it did not obligate the defendants to accept the Milwaukee County Circuit Court as the only court in Milwaukee County that may hear this case. This federal district court sits in Milwaukee County also. The defendants' notice of removal is mindful of this authority as it cites 28 U.S.C. §§ 1336, 1348, 1441 and 1448 and states that

"the complaint is removable as the parties are completely diverse and the amount in controversy exceeds the jurisdictional amount." Docket Entry #1. If the drafters of the subject forum selection clause wanted the right to choose the specific court in which any legal proceedings could be tried to be in the hands of the plaintiff only, they could have used specific, limiting language, but did not.

In any event, plaintiff argues that defendants waived their right to remove this case to federal court. For waiver to occur, a defendant must evince clear intent to waive its right to remove the case, in other words, the defendant must have clearly and unequivocally waived the right to remove. *Continental Casualty Co.,* 500 F.Supp.2d at 995. Plaintiff maintains that the clear and unequivocal standard is the incorrect standard to employ and cites *Specialty Cheese Co., Inc., v. Universal Food and Dairy Products, Inc.*, 2008 U.S. Dist. LEXIS 95837 (E.D. Wis. Apr. 1, 2008) as support for its waiver claim.[4] However, the forum selection clause at issue here is very distinguishable from the clause at issue in *Specialty Cheese*. In that case, the district court granted the plaintiff's motion to remand in light of language in the forum selection clause that provided in part that "any suit, action or proceeding instituted by or against Debtor . . . may only be brought in a court of competent jurisdiction located in Dodge County in the State of Wisconsin." *Id.* at *2-3. The district court observed that the clause was open to more than one interpretation and construed it require remand after considering several factors, including its observation that no federal court is located in Dodge County, Wisconsin. *Id.* at *6-7.

---

[4] This court observed that "under prevailing circuit law, 'the removal statute should be construed narrowly and any doubts about the propriety of removing a particular action should be resolved against allowing removal.'" *Specialty Cheese Co., Inc*., 2008 U.S. Dist. LEXIS 95837, *8. This standard is not helpful to plaintiff as this court finds that the plain language of the forum selection clause does not reserve to the plaintiff the right to select the court in which a lawsuit may be filed.

-5-

In the instant case, the court finds that the language of the forum selection clause is not a model of clarity. At the outset, the provision speaks of venue in certain counties whereas the end of the provision says the "Borrower submits to the jurisdiction of any such court." It is well established that ambiguities in contracts should be interpreted against the drafter, in this case the lender. *See Deputy v. Lehman Bros., Inc.*, 374 F.Supp.2d 695, 708 (E.D. Wis. June 16, 2005); Docket Entry #1, Ex. A. Thus, reading the forum selection clause in favor of the defendants, the court finds that the parties agreed that any court in the *county* that is chosen by plaintiff may hear a dispute on the promissory note at the heart of this case. Further, "[a] general consent to the jurisdiction of a particular court does not, however, adequately demonstrate a waiver of defendant's statutory right to remove." *Continental Casualty Co.,* 500 F.Supp.2d at 995. Moreover, as the Seventh Circuit stated in *Cruthis v. Metropolitan Life Ins. Co.*, 356 F.3d 816 (7th Cir. 2004),

> [t]he right to file suit in a particular forum is not equivalent to the right to avoid removal from that forum.

*Id.* at 819.

Additionally, plaintiff requests an award of attorneys' fees and costs under 28 U.S.C. § 1447(c). However, such a award is only justified when "the removing party lacked an objectively reasonable basis for seeking removal." *Wisconsin v. Amgen, Inc.*, 516 F.3d 530, 534 (7th Cir. 2008) (citation omitted). Here, the court finds that it was reasonable and proper for the defendants to assert their removal rights under this court's diversity jurisdiction. Hence, in the absence of evidence establishing that the defendants specifically waived their right to remove this case to federal court, the plaintiff is not entitled to have this

case returned to state court or to an award of attorneys' fees for litigating the removal and remand of this action. Therefore,

IT IS ORDERED that plaintiff's motion to remand (Doc. #6) is denied.

Dated at Milwaukee, Wisconsin, this 23rd day of August, 2010.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U.S. DISTRICT JUDGE