UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

HARRIS N.A.,
Successor by Merger to
COMMUNITY BANK GROUP,
Successor by Merger to
LINCOLN STATE BANK,

        Plaintiff,

        v.                        Case No. 09-C-0944

OPENMED TECHNOLOGIES CORP.,
ALBERT T. KELLEY,
eHEALTH ENGINES, INC.,
ROYAL BANK AMERICA LEASING,

        Defendants.

---

DECISION AND ORDER GRANTING PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT (DOC. # 23) AND SETTING A TELEPHONIC STATUS
CONFERENCE REGARDING JUDGMENT

This case arises out of a default on a $1,000,000 Promissory Note ("Note") between Harris N.A.'s predecessor in interest and OpenMed Technologies Corporation. OpenMed's President and CEO, Albert Kelley, executed a Commercial Guaranty ("the Kelley Guaranty") absolutely and unconditionally guaranteeing OpenMed's obligations to Harris. After OpenMed defaulted on the Note, Harris sued OpenMed, Kelley, eHealth Engines, Inc., and Royal Bank America Leasing. The court dismissed eHealth Engines and Royal Bank at Harris's request, and entered default against OpenMed Technologies. The case now comes before the court on Harris's motion for summary judgment against pro se defendant Kelley. After Harris properly provided Kelley with a "short and plain statement" indicating that any factual assertion will be accepted as true unless contradicting evidence is introduced and cited the federal and local rules governing summary judgment, this court apprised Kelley telephonically of his obligation to show a genuine issue of material fact through admissible

evidence. Instead, Kelley filed a copy of his first set of interrogatories and request for production of documents, as well as an unsworn declaration. For the reasons set forth below, Harris is entitled to summary judgment.

FINDING OF FACTS

As a result of Kelley's failure to comply with the local rules, Harris's uncontroverted facts are deemed admitted. Kelley filed his discovery requests without the responses, and an unsworn declaration unsupported by any evidence in the record. Specifically, Kelley failed to attach a copy of the agreement referenced in paragraph 2, did not set forth any of the alleged representations mentioned in paragraph 3, and offered unsupported legal conclusions in paragraphs 4-7.

Kelley read this declaration into the record during a telephonic hearing on October 29, 2010. This court advised Kelley that his opposition to Harris's motion must be supported by evidence stating personal knowledge or by authenticated documents. This court further advised Kelley that inadmissible evidence such as hearsay would not be considered for the purposes of a summary judgment motion. Irrespective of that advice, Kelley filed the "Declaration of Albert T. Kelley" and "Defendant Albert T. Kelley's First Set of Written Interrogatories and Request for Production of Documents" on November 1, 2010, without any significant change. As a result, the following findings are taken from Harris's submissions.

Harris, a national banking association, has its place of business at N70 W5185 Columbia Road, Cedarburg, Wisconsin 53012. (Kleefisch Decl. ¶ 2, Ex. A.) Harris holds the Note and the Kelley Guaranty by virtue of its merger with Community Bank Group. (Kleefisch Decl. ¶ 2, Ex. A.)

2

Kelley resides at 4526 Lakecrest Place, Sarasota, Florida, but maintains a residence at 11 Parkhurst Road, Merrimack, New Hampshire 03054. (Posnanski Decl. ¶ 2, Ex. A.)

Pursuant to the Note dated February 8, 2006, OpenMed is obligated in the principal amount of $1,000,000.00. (Kleefisch Decl. ¶ 3, Ex. B.) The Note further provides as follows:

> PAYMENT. Borrower will pay this loan in 59 regular payments of $12,287.46 each and one irregular last payment ... Borrower's first payment is due March 8, 2008, and all subsequent payments are due on the same day of each month after that . . . .
>
> DEFAULT. Each of the following shall constitute an event of default ("Event of Default") under this Note:
>
> Payment Default. Borrower fails to make any payment when due under this Note . . . .
>
> LENDER'S RIGHTS. Upon default, Lender may declare the entire unpaid balance on this Note and all accrued unpaid interest immediately due, and then Borrower will pay that amount.
>
> ATTORNEYS' FEES; EXPENSES. Lender may hire or pay someone else to help collect this Note if Borrower does not pay. Borrower will pay Lender that amount. This includes, subject to any limits under applicable law, Lender's attorneys' fees and Lender's legal expenses, whether or not there is a lawsuit, including attorneys' fees, expenses for bankruptcy proceedings (including efforts to modify or vacate any automatic stay or injunction), and appeals. If not prohibited by applicable law, Borrower also will pay any court costs, in addition to all other sums provided by law.

(Kleefisch Decl., Ex B.) Kelley executed the Note as President/CEO of OpenMed. (*Id*.) OpenMed defaulted on its obligations under the terms of the Note as a result of, among other

3

things, failing to make monthly payments pursuant to the terms of the Note during its term. (Kleefisch Decl. ¶ 4.)

In addition, Kelley signed the Kelley Guaranty on February 8, 2006, in which he absolutely and unconditionally guaranteed full and punctual payment of all obligations owed by OpenMed and the performance and discharge of all OpenMed's obligations under the Note (the "Kelley Guaranty"). (Kleefisch Decl. ¶ 6, Ex. C.) Specifically, the Kelley Guaranty identifies OpenMed as the borrower, Kelley as the guarantor, and Lincoln State Bank as the lender. (*Id.*)

In the first paragraph, the Kelley Guaranty provides in pertinent part that "Guarantor absolutely and unconditionally guarantees full and punctual payment and satisfaction of the indebtedness of Borrower to Lender, and the performance of discharge of all Borrower's obligations under the Note and Related Documents ... Guarantor will make any payments to Lender or its order, on demand ... and will otherwise perform Borrower's obligations under the Note and Related Documents." (*Id.*)

By reason of OpenMed's default and in accordance with the terms of the Note, Harris accelerated all amounts due and coming due under the Note. (Kleefisch Decl. ¶ 5.) Pursuant to the Kelley Guaranty, Kelley is obligated to satisfy the full payment and performance of OpenMed's obligations to Plaintiff. (Kleefisch Decl. ¶ 7, Ex. C.)

## CONCLUSIONS OF LAW

Summary judgment is appropriate if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2009); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). In deciding a motion for summary judgment, the court must view all facts and draw all inferences from those facts in the light most favorable to the non-moving party. *Schuster v. Lucent*

4

*Technologies, Inc.*, 327 F.3d 569, 573 (7th Cir. 2003). However, the non-moving party may not simply rest on its allegations; rather, it must come forward with specific facts that would support a jury's verdict in its favor. *Van Diest Supply Co. v. Shelby County State Bank*, 425 F.3d 437, 429 (7th Cir. 2005).

Parties opposing summary judgment must submit evidence under specific requirements. Affidavits must rely on personal knowledge, and parties must attach certified copies of documents referred to within the affidavit. Fed. R. Civ. P. 56(e)(1)(2009). Additionally, opposing parties may not rely merely on allegations or denials; rather, responses must "set out specific facts." Fed. R. Civ. P. 56(e)(2)(2009). At all times, courts must liberally construe a pro se party's pleadings. *Smart v. Local 702 Intern. Broth. of Elec. Workers*, 562 F.3d 798, 811 (7th Cir. 2009) (adopting the Eleventh Circuit rule that, "Although courts liberally construe pro se pleadings, the litigant is still required to conform to procedural rules, and the court is not required to rewrite a deficient pleading").

OpenMed's failure to pay Harris was a default. Consequently, Harris had the right to call due the unpaid balance and unpaid interest on their note. That sum is calculated to be $903,977.41 as of October 12, 2010 plus $177.86 daily in interest. This court has entered default against OpenMed, but is withholding the entry of judgment until the entire case has been resolved.

On the summary judgment motion, this court must decide whether Kelley breached his Guaranty as alleged in count two. The terms of the Kelley Guaranty required Kelley to pay Harris in the event that OpenMed defaulted. To date, Kelley has not paid Harris. There is no genuine issue of material fact that Kelley violated the terms of the Kelley Guaranty because he has failed to satisfy OpenMed's obligations under the Note. (Kleefisch Decl. ¶ 7.)

5

Even liberally construed, Kelley's submissions in opposition to summary judgment do not create a genuine issue of material fact. Kelley asserts that the Kelley Guaranty was not the entire agreement and that he was "induced to assent to execute the Kelley Guaranty" but his cursory allegations are not supported by any admissible evidence. Rule 56(c)(4) requires that an affidavit or declaration used to support or oppose summary judgment be made on personal knowledge, set out facts admissible in evidence and show that the declarant is competent to testify on the matters stated. It is unclear whether Kelley bases his declaration on personal knowledge, and he fails to cite admissible evidence. Allegations alone cannot defeat a motion for summary judgment.

Harris has met its burden respecting summary judgment. Although it requests a judgment in the amount of $903,977.41, plus interest that continues to accrue at the daily rate of $177.86, plus all costs of collection, including reasonable attorney's fees, the court needs additional documentation to support a final judgment. Now, therefore,

IT IS ORDERED that Harris N.A.'s motion for summary judgment for its claim against Albert T. Kelley is granted.

IT IS FURTHER ORDERED that this case is set for a telephonic status conference regarding the entry of a final judgment on July 19, 2011, at 3:30 p.m.

Dated at Milwaukee, Wisconsin, this 20th day of June, 2011.

BY THE COURT

/s/ C. N. Clevert, Jr.
C. N. CLEVERT, JR.
CHIEF U. S. DISTRICT JUDGE